# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHNNY CHAMBERS,

        Plaintiff,

                              CIVIL ACTION

v.

                              No: 11-2646-CM-DJW

KANSAS CITY KANSAS COMMUNITY COLLEGE,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff Johnny Chambers ("Chambers") has filed an Employment Discrimination Complaint in which he asserts claims for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Age Discrimination in Employment Act of 1967 ("ADEA").[2] Chambers requests that the Court appoint counsel to represent him in this case. Plaintiff has been granted leave to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.

It is well settled that a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[3] The discretion granted to the court is extremely broad.[4] For employment discrimination cases under Title VII, the court may appoint counsel "in such circumstances as the

---

[1] 42 U.S.C. §§ 2000e, *et seq.*

[2] 29 U.S.C. §§ 621, *et seq.*

[3] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[4] *Id.*

court may deem just."[5]  The Tenth Circuit has identified four factors which are relevant when evaluating motions for appointment of counsel in Title VII cases.[6]  Before appointing counsel in a Title VII case, the court should consider the following factors: "(1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; and (3) the merits of plaintiff's case." [7] In *Castner v. Colorado Springs Cablevision*, the Tenth Circuit also concluded that a plaintiff's ability to prepare and present his case without assistance of counsel "should be considered in close cases as an aid in exercising discretion."[8]

After evaluating the first two factors, the Court finds that in the present case Plaintiff is financially unable to afford counsel and has made diligent efforts to secure counsel.  As noted in *Castner*, the court's "inquiry into a plaintiff's financial inability is less stringent [under Title VII] than that required for the general in forma pauperis statute, 28 U.S.C. § 1915(d)."[9]  Plaintiff has demonstrated an inability to afford counsel as required by Title VII after demonstrating financial inability under the more stringent standard required by 28 U.S.C. § 1915(d).  This Court granted Chambers leave to proceed *in forma pauperis*.  In addition to demonstrating an inability to pay, Plaintiff must make an affirmative showing of diligent attempts to secure counsel. Plaintiff's Motion

---

[5] 42 U.S.C. § 2000e-5(f)(1).

[6] *Castner*, 979 F.2d at 1420.

[7] *Id.*

[8] *Id.* at 1421.

[9] *Id.* at 1422.

for the Appointment of Counsel lists nine separate attempts to secure counsel.[10]  This Court therefore finds that Chambers has made the requisite effort to secure counsel.

Third, the court should evaluate the merits of the plaintiff's claim to determine whether appointment of counsel is warranted.  The Court in *Castner* noted that the "district court may not give preclusive effect to an EEOC finding that the evidence does not support a finding of discrimination."[11]  Based on the Court's review of the Complaint, the Court finds one or more of the Plaintiff's claims to have sufficient merit to warrant the appointment of counsel.

The Court, after carefully weighing the relevant factors as articulated in *Castner*, grants Plaintiff's motion for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1).  A separate order will be issued naming the counsel to be appointed after the Court has located an appropriate attorney to represent Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is granted, as set forth herein.

Dated in Kansas City, Kansas on this 14th day of February, 2012.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

---

[10] *See* Pl.'s Mo. for Appointment of Counsel (ECF No. 4).

[11] *Castner*, 979 F.2d at 1422.