# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHNNY CHAMBERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-CV-2646-CM-DJW |
| KANSAS CITY KANSAS COMMUNITY COLLEGE, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The Court has before it the Motion for Leave to File Amended Complaint (ECF No. 42), wherein pro se Plaintiff requests leave to file an amended complaint, adding additional claims titled "Leave Process" and "Probation," as well as additional factual allegations regarding claims raised previously. Defendant has filed a Memorandum in Opposition (ECF No. 47) to the Motion. Upon review, the Court concludes that the Motion should be denied as untimely and prejudicial.

In this matter, Plaintiff filed his original Complaint (ECF No. 1) on November 23, 2011. Per the Scheduling Order entered pursuant to Fed. R. Civ. P. 16(b), any motions to amend the pleadings were to be filed by August 24, 2012.[1] Further, all discovery was to be completed by February 14, 2013.[2] Per Fed. R. Civ. P. 16(e), a final pretrial conference was held on February 27, 2013, at which time the parties were ordered to submit a revised Final Pretrial Order to the Court by March 6, 2013.[3] The instant motion was filed subsequently on March 11, 2013, and the Court has deferred entry of the revised Final Pretrial Order, pending resolution of the instant motion.

---

[1] Sched. Order at 8:3(a), ECF No. 14.
[2] Order, ECF No. 34.
[3] Min. Entry, ECF No. 38.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), if over 21 days have passed since the service of the earlier of either a responsive pleading or a motion under Rule 12(b), (e), or (f), "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4] Rule 15(a)(2) requires the court to "freely give leave when justice so requires."[5] The court may, however, refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[6] The purpose of Rule 15(a) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[7]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is potentially implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[8] In *Minter v. Prime Equipment Co.,* the Tenth Circuit expressly declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements," as that issue was not argued by the parties.[9]

This District has previously applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[10]

---

[4] Fed. R. Civ. P. 15(a)(2).
[5] *Id*.
[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[7] *Id*. (quoting *Hardin v. Manitowoc-Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982))
[8] Fed. R. Civ. P. 16(b)(4). In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause." ECF No. 14 at 10.
[9] 451 F.3d at 1205 n.4.
[10] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 U.S. Dist. LEXIS 12165, at *5-6 (D. Kan. Mar. 13, 2003) ("When a party seeks leave to amend after the deadline established in a pretrial scheduling order, however, that party must satisfy the standards set forth in Fed. R. Civ. P. 16(b), as

This practice has continued after the *Minter* decision.[11] Thus, when a motion to amend is filed beyond the scheduling order deadline, the Court must first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more lenient Rule 15(a) standard for amendment has been satisfied.[12] To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted "with due diligence."[13] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[14] Furthermore, a lack of prejudice to the opposing party does not show "good cause."[15] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling

---

well as Fed. R. Civ. P. 15(a)."); *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan. 1995) ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the plaintiff's first hurdle. . . . Rule 15 is the next hurdle for the plaintiff.").

[11] *See, e.g., Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 U.S. Dist. LEXIS 50204, at *6 (D. Kan. June 30, 2008) (recognizing that "[c]ourts in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline" and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline); *Ice Corp v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 U.S. Dist. LEXIS 94712, at *4-5 (D. Kan. Dec. 27, 2007) ("When a motion to amend is filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed.R.Civ.P. 16(b).") (internal quotations and citations omitted); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 U.S. Dist. LEXIS 67179, at *15 (D. Kan. Sept. 10, 2007) ("[C]ourts in the District of Kansas have routinely held that when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.") (internal quotations and citations omitted); *In re Urethane Antritrust Litig.,* No. 04-MD-1616-JWL, 2007 U.S. Dist. LEXIS 35928, at *24-25 (D. Kan. May 14, 2007) (applying Rules 15(a) and 16(b)(4) to deny motion to amend where motion was filed a substantial period after scheduling order deadline).

[12] *See Boatright*, 2007 U.S. Dist. LEXIS 67179, at *19 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)); *Geer v. Challenge Fin. Inv. Corp.*, No. 05-1109-JTM, 2007 U.S. Dist. LEXIS 29138, at *8 (D. Kan. Apr. 18, 2007) (same).

[13] *Boatright,* 2007 U.S. Dist. LEXIS 67179, at *16; *accord Lone Star Steakhouse*, 2003 U.S. Dist. LEXIS 12165, at *6 (party moving to amend after the scheduling order deadline "must show that despite due diligence it could not have reasonably met the scheduled deadlines."); *Deghand*, 904 F.Supp. at 1221 (the moving party "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

[14] *Lone Star Steakhouse*, 2003 U.S. Dist. LEXIS 12165, at *6 (quoting *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *accord Deghand*, 904 F.Supp. at 1221.

[15] *Lone Star Steakhouse,* 2003 U.S. Dist. LEXIS 12165, at *6; *Deghand*, 904 F. Supp. at 1221 (citations omitted).

order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[16]

The Court finds that Plaintiff fails to show good cause under Rule 16(b)(4) to justify the untimely filing of his motion for leave to amend. Plaintiff moved to amend on March 11, 2013, well over six months after the August 24, 2012 deadline to amend the pleadings, and the Motion fails to set forth any reason for Plaintiff's failure to meet the deadline. Further, a review of pages 1a to 1e of the proposed Amended Complaint shows that Plaintiff's additional allegations are based on events that occurred mainly from 2009 to early 2012 and were within Plaintiff's direct knowledge. As such, Plaintiff was aware of the relevant information necessary to assert the additional allegations prior to the date the original complaint was filed, and certainly prior to the deadline for filing a motion to amend. Thus, Plaintiff's Motion must be denied for failure to show good cause for its untimeliness.

Even applying the more lenient Rule 15(a) standard, the Court would deny leave to amend. First, there was an undue delay of over six months past the amendment deadline, with no explanation provided for the delay. Further, the Court finds that Defendant would suffer undue prejudice if Plaintiff were allowed to amend his complaint at this late stage of the litigation. Discovery has been closed, the parties have submitted their proposed final pretrial order, and the dispositive motion deadline has passed. Pages 1a and 1b of Plaintiff's proposed Amended Complaint introduce new claims that raise new factual issues related to the "Leave Process" which were not a part of Plaintiff's original Complaint, nor a part of Plaintiff's Factual Contentions in the proposed Final Pretrial Order. Similarly, Plaintiff raises a second new claim related to "Probation" on page 1d of the proposed Amended Complaint. These new claims

---

[16] *Ingle v. Dryer*, No. 07-cv-00428-LTB-CBS, 2008 U.S. Dist. LEXIS 88633, at *4-5 (D. Colo. Apr. 11, 2008) (citing *Burks v. Okla. Publ. Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

4

would require Defendant to conduct additional discovery, prepare new defenses, and file additional dispositive motions, all with the trial date approaching. To grant Plaintiff leave to amend his complaint at such a late date in the case would cause Defendant undue prejudice and would likely result in a delay of the trial. Therefore, based on the prejudicial effect of amendment on Defendant, as well as Plaintiff's failure to show good cause for the untimeliness of the Motion, the Court concludes that the Motion for Leave to File Amended Complaint should be denied

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 42) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 3rd day of June, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and pro se parties