# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHNNY CHAMBERS,                      )
                                      )
        Plaintiff,                    )
                                      )
                                      )
v.                                    )  Case No. 11-CV-2646-CM-DJW
                                      )
KANSAS CITY KANSAS COMMUNITY          )
COLLEGE,                              )
                                      )
        Defendant.                    )
                                      )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motions to strike the supplemental affidavits of Leota Marks and Carly Eastling (Docs. 56 and 57). Defendant submitted both affidavits in support of its pending summary judgment motion. Rule 56(c)(4) states the requirements for submitting an affidavit in support of a motion for summary judgment:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Plaintiff does not specifically argue that the affidavits fail to comply with these requirements. Rather, plaintiff contends that the affidavits are knowingly false and demonstrate a complete disregard for our legal system.[1] Plaintiff asks the court to strike these affidavits and impose sanctions.

After carefully reviewing the affidavits and the relevant briefs (e.g., Docs. 56–59 and 63), the court finds that plaintiff has not shown that these affidavits are false. For example, Ms. Marks is defendant's Dean of Human Resources/Affirmative Action. Her supplemental affidavit discusses

---

[1] The court is mindful of plaintiff's pro se status and liberally construes his motions. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

-1-

plaintiff's probationary status and the employment history of several faculty members. Plaintiff contends that Ms. Marks's statement that plaintiff's probation period was from August 10, 2009 through February 10, 2010 is "not true." (Doc. 56 at 1.) He points to his February 11, 2010 evaluation for support. But the introductory phrase before this date states "Date Completing Review." (*Id.* at 6.) Therefore, this February 11, 2010 date could be interpreted as establishing that his probation was ongoing or it could be interpreted as establishing the date the evaluation was completed.

As another example, Ms. Eastling is employed by defendant as an Academic Support Facilitator. Her supplemental affidavit discusses her employment history, her job responsibilities, and Work Keys training. Plaintiff contends that Ms. Eastling's statement that plaintiff "does not perform any disability services" is false. (Doc. 57 at 1.) He identifies an email and several reports to support this position. But neither the email nor the reports clearly explain the disability services—if any—provided by plaintiff. Instead, both could be read consistently with Ms. Eastling's affidavit depending on the meaning of "disability services."

Plaintiff's other arguments fail for similar reasons. It appears to the court that plaintiff has merely identified factual disagreements. This is not a sufficient basis for striking the affidavits or imposing the other sanctions requested by plaintiff. Indeed, a different ruling would result in large quantities of evidence being stricken from the record in every case. The court will, however, consider the relevant and properly supported discrepancies in resolving defendant's summary judgment motion.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Strike Supplementary Affidavit Of Leota M. Marks (Doc. 56) is denied.

---

[2] To the extent plaintiff suggests that either affidavit was submitted in bad faith and warrants sanctions under Federal Rule of Civil Procedure 56(h), the court disagrees for the reasons stated above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Strike The Supplemental Affidavit Of Carly Eastling (Doc. 57) is denied.

Dated this 13th day of June, 2013, at Kansas City, Kansas.

                                                    s/ Carlos Murguia
                                                    **CARLOS MURGUIA**
                                                    United States District Judge