# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHNNY CHAMBERS,

    Plaintiff,

vs.

KANSAS CITY KANSAS COMMUNITY COLLEGE,

    Defendant.

Case No. 11-CV-2646-KHV

## MEMORANDUM AND ORDER

The Court has before it the Motion Requesting Review, Revisit, and Reversal of the Memorandum and Order Denying Motion for Leave to File Amended Complaint (ECF No. 64). Plaintiff asks the Court to reconsider the Memorandum and Order (ECF No. 60) that denied his Motion for Leave to File Amended Complaint (ECF No. 42) as untimely and prejudicial. Defendant has filed a Memorandum in Opposition (ECF No. 70). For the reasons set out below, the Court concludes that the Motion should be denied.

**I.    Relevant Factual Background**

Plaintiff filed his Motion for Leave to File Amended Complaint on March 11, 2013, over six months after the August 24, 2012 deadline to move to amend the pleadings as set forth in the Scheduling Order.[1] Plaintiff sought to add five pages of new factual allegations based on events that occurred mainly from 2009 to early 2012. These new allegations were related to the leave process and probation, as well as to factual allegations already raised in his original Complaint, such as the incorrect spelling of his name, his inability to participate in orientation, his omission from the department directory, unequal pay, and his non-involvement in Work Keys. The Court denied the original Motion, finding that Plaintiff had failed to show good cause

---

[1] Sched. Order at 8:3(a), ECF No. 14.

1

under Federal Rule of Civil Procedure 16(b)(4) to justify the untimely filing. Specifically, Plaintiff set forth no explanation for the delay whatsoever in the Motion.

The Court also found that Defendant would suffer undue prejudice if Plaintiff were allowed to amend his complaint at this late stage of the litigation. Discovery is closed, the dispositive motion deadline has passed, and the Court has entered the final Pretrial Order. In addition, the Court has entered a Memorandum and Order (ECF No. 71) granting in part and denying as moot in part Defendant's Motion for Summary Judgment (ECF No. 45). As a result, the only claims remaining for trial at this time are Plaintiff's Title VII claims for (1) gender-based disparate treatment and (2) race and/or gender harassment.[2]

Plaintiff now states in the instant Motion that he delayed moving for leave to amend because his allegations related to the leave process were pending before the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") until February 11, 2013, when the EEOC issued a right to sue letter to Plaintiff as to those allegations. Rather than file a new action, Plaintiff then chose to seek leave to amend his original complaint to add additional allegations. Plaintiff further states that because over ninety days have passed since the issuance of the right to sue letter, he can no longer file a new action as to the additional allegations. As a result, Plaintiff argues that denying him leave to amend would be prejudicial to him.

Defendant argues in its Memorandum in Opposition that Plaintiff should not have assumed that his motion for leave to amend would be granted, considering that it was being filed after the deadline to move to amend and after discovery had closed. Defendant also argues that Plaintiff created the prejudice of which he complains by choosing to not file a new action as to the additional allegations.

---

[2] Mem. and Order at 10, ECF No. 71.

## II. Standard for Ruling on a Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[3] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[4]

It is well settled that a motion to reconsider is not a second opportunity for a party to ask the court to consider new arguments and supporting facts that could have been presented originally.[5] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present its strongest case in the first instance."[6] Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[7] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[8]

---

[3] *Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

[4] *Hancock v. Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[5] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[6] *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[7] *RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[8] *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

**III.    Discussion**

Here, Plaintiff has not shown that any of the factors for granting reconsideration are present. First, Plaintiff does not show that there has been an intervening change in the controlling law. Nor does Plaintiff present any new evidence that was unavailable at the time of the original motion. At the time he moved for leave to amend, Plaintiff was aware of the EEOC right to sue letter issued on February 11, 2013 regarding the new allegations. Nevertheless, he failed to make any reference to the EEOC letter in his motion. Instead, he only included a copy of the EEOC letter as one of the 118 pages of exhibits in support of his proposed amended complaint.[9]

Lastly, the Court finds neither clear error nor manifest injustice that needs to be corrected. The Court based its original ruling on Plaintiff's failure to show any cause for the untimeliness of the original motion. As a result, there was no error. As stated previously, a motion to reconsider is not to be used as "a second chance when a party has failed to present its strongest case in the first instance."[10] Nor does the Court find manifest injustice here. In its original ruling, the Court found that granting leave to amend would be prejudicial to Defendant, and this finding still applies. Discovery is closed and the dispositive motion deadline has passed. Also, the Court has entered the final Pretrial Order and ruled on Defendant's Motion for Summary Judgment, and this matter is set for trial on September 3, 2013. Allowing Plaintiff leave to amend would require Defendant to respond again, engage in further discovery, and file additional dispositive motion(s), and would undoubtedly delay the trial, resulting in undue prejudice to the Defendant at this late stage. Based on the foregoing, the Court finds none of the factors in favor of granting reconsideration are present.

---

[9] Proposed Am. Compl., ECF No. 42-1.

[10] *Steinert*, 2003 WL 23484638, at *2.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Requesting Review, Revisit, and Reversal of the Memorandum and Order Denying Motion for Leave to File Amended Complaint (ECF No. 64), construed as a motion to reconsider under D. Kan. Rule 7.3(b), is hereby denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of August, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
