# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHNNY CHAMBERS,         )
         )
        **Plaintiff,**         )
         )      **CIVIL ACTION**
**v.**         )
         )      **No. 11-2646-KHV**
**KANSAS CITY KANSAS**         )
**COMMUNITY COLLEGE,**         )
         )
        **Defendant.**         )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's <u>Motion To Request The Judge's Rulings Be Vacated Or Set Aside</u> (Doc. #84) filed September 10, 2013. In his motion, plaintiff asks that Judge Murguia's orders denying plaintiff's motion to strike supplemental affidavits and granting in part defendant's motion for summary judgment be vacated due to a conflict of interest and bias on the part of U.S. District Judge Carlos Murguia. <u>See</u> <u>Memorandum And Order</u> (Doc. #65) filed June 13, 2013 (ruling on motion to strike); <u>Memorandum And Order</u> (Doc. #71) filed June 28, 2013 (ruling on summary judgment). Plaintiff also argues that the summary judgment order contains erroneous facts. For reasons set forth below, the Court sustains in part and overrules in part plaintiff's motion.

## Legal Standards

In his order dated June 13, 2013, Judge Murguia denied plaintiff's motion to strike the supplemental affidavits of Leota Marks and Carly Eastling which defendant had submitted in support of its summary judgment motion. Judge Murguia found no support for plaintiff's contention that the affidavits were knowingly false. <u>See</u> Doc. #65. In his order dated June 28, 2013, Judge Murguia (1) dismissed plaintiff's age-based claims for lack of subject matter jurisdiction, (2) denied as moot the age-based portion of defendant's summary judgment motion and (3) granted summary judgment to

defendant on plaintiff's Title VII race-based disparate treatment claim and Title VII retaliation claim. <u>See</u> Doc. #71.

Plaintiff asserts that Judge Murguia's orders should be vacated or set aside because Judge Murguia had a conflict of interest arising out of his wife's appointment to the Kansas Board of Regents. By statute, a judge is disqualified in any proceeding in which his or her impartiality might reasonably be questioned. 28 U.S.C. § 455(a).

As to the summary judgment order, the Court construes the pro se motion as one for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b)(6), which states in part that "the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Court recognizes that Rule 60(b)(6) provides a "grand reservoir of equitable power to do justice in a particular case." <u>Compton v. Alton Steamship Co.</u>, 608 F.2d 96, 106 (4th Cir. 1979). Relief under Rule 60(b)(6) may not be premised, however, on grounds which are enumerated in clauses (b)(1) through (b)(5) of Rule 60. <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 864 (1988). In determining whether to vacate Judge Murguia's summary judgment order under Rule 60(b)(6), the Court must consider the risk of injustice to the parties, the risk that denial of relief will produce injustice in other cases and the risk of undermining public confidence in the judicial process. <u>See Liljeberg</u>, 486 U.S. at 864.

With respect to Judge Murguia's order on the motion to strike, however, the Court will consider plaintiff's motion as a motion to reconsider. The Court has discretion whether to grant a motion to reconsider. <u>See Brumark Corp. v. Samson Res. Corp.</u>, 57 F.3d 941, 944 (10th Cir.1995). A motion which asks the Court to reconsider a non-dispositive order shall be based on (1) intervening change in controlling law, (2) availability of new evidence or (3) a need to correct clear error or prevent

manifest injustice.  D. Kan. Rule 7.3(b).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  Jones v. Potter, No. 09-2222-KHV, 2010 WL 394087, at *1 (D. Kan. Oct. 6, 2010).  In general, the Court should deny a motion to reconsider unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.  See Sump v. Fingerhut, Inc., 208 F.R.D. 324, 327 (D. Kan. 2002).  Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

### Factual Background

By memorandum dated July 10, 2013, the Clerk of Court advised the parties that Judge Murguia intended to disqualify himself from this case because his wife had recently been appointed to the Kansas Board of Regents.  See Notice Concerning Waiver Of Judicial Disqualification (Doc. #72).  The parties had the opportunity to waive the disqualification by notifying the Clerk of their position no later than July 20, 2013.  Id.  The Clerk did not receive waivers from all parties by that date and on July 23, 2013, the court reassigned the case to the undersigned judge.  See Docket Entry #73.

Judge Murguia's wife was appointed to the Kansas Board of Regents on June 27, 2013.  On June 13, 2013, Judge Murguia entered his order denying plaintiff's motion to strike supplemental affidavits (Doc. #65), and on June 28, 2013, he entered the order granting defendant's summary judgment motion (Doc. #71).  Plaintiff asserts that both rulings should be vacated because Judge Murguia had a conflict of interest.

**<u>Analysis</u>**

Judge Murguia's decision to recuse was fully consistent with 28 U.S.C. § 455, which provides in relevant part as follows: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The reason for Judge Murguia's disqualification arose on June 27, 2013. Therefore the Court first considers whether Judge Murguia's order dated June 28, 2013, the following day, should be vacated.

**I.      Order Dated June 28, 2013**

The goal of section 455(a) is to avoid even the appearance of partiality." <u>Liljeberg</u>, 486 U.S. at 860 (quoting with approval opinion below, 796 F.2d 796, 802 (5th Cir. 1986)). Judge Murguia obviously recognized this goal. Defendant argues that the record contains no evidence that Judge Murguia had any partiality in its favor. The Court agrees, but that is not the standard for disqualification. Once the appearance of partiality arises, a judge must act to put it aside. In this case, Judge Murguia's order of June 28, 2013 was premature because it was not apparent that all parties would waive his disqualification.

Federal Rule of Civil Procedure 60(b)(6) can be used to vacate orders by a judge who later disqualifies if the ground for disqualification existed at the time of the order. <u>See</u> <u>Russell v. Lane</u>, 890 F.2d 947, 949 (7th Cir. 1989). This remedy is not to be used lightly. <u>Id.</u> (citing <u>Liljeberg</u>, 486 U.S. at 864). In determining whether a judgment should be vacated for a violation of Section 455(a), the Court must consider the risk of injustice to the parties, the risk that denial of relief will produce injustice in other cases and the risk of undermining public confidence in the judicial process. <u>See</u> <u>Liljeberg</u>, 486 U.S. at 864. Applying those factors to this case, the Court concludes that Judge Murguia's

order which granted defendant's summary judgment motion should be vacated. Vacating and reconsidering that order is the appropriate way to remove any taint of impropriety.

That said, the Court has thoroughly reviewed defendant's motion for summary judgment and all supporting and opposing documents.[1] The Court concludes that Judge Murguia's order accurately states the law and the factual record. Viewing the record in the light most favorable to plaintiff, this Court independently finds that defendant is entitled to summary judgment for the reasons well stated in Judge Murguia's memorandum and order.

In his motion to vacate, plaintiff also seeks reconsideration of Judge Murguia's order. A litigant seeking reconsideration of a final judgment may file a motion to alter or amend the judgment no later than 28 days after its entry. Fed. R. Civ. P. 59(e). Plaintiff did not timely file his motion and he cites no authority or excuse for its untimeliness. Under the circumstances, however, the Court considers the motion and construes it as one under Rule 59(e). See Hatfield v. Bd. of Cnty. Comm'rs. For Converse Cnty., 52 F.3d 858, 861 (10th Cir. 1995); Larson v. Del. Highlands AL Servs. Provider, No. 10-2295-KHV, 2012 WL 3599416, at *1 (D. Kan. August 21, 2012) (Rule 59(e) motion essentially motion for reconsideration).

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence or the need to

---

[1] These include the following: (1) Defendant's Motion For Summary Judgment (Doc. #45) filed March 15, 2013; (2) Memorandum In Support Of Defendant's Motion For Summary Judgment (Doc. #46) filed March 15, 2013; (3) Plaintiff's Response And Motion In Opposition To Defendant's Motion For Summary Judgment (Doc. #50) filed April 16, 2013; (4) Reply Memorandum In Support Of Defendant's Motion For Summary Judgment (Doc. #53) filed April 30, 2013. Although plaintiff did not seek or receive leave to file a sur-reply, the Court has also considered Reply Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #55) filed May 17, 2013.

correct clear error or prevent manifest injustice.  <u>Major v. Benton</u>, 647 F.2d 110, 112 (10th Cir. 1981); <u>Burnett v. W. Res., Inc.</u>, 929 F. Supp. 1349, 1360 (D. Kan. 1996).  Revisiting issues previously addressed is not an appropriate basis for reconsideration, nor is advancing new arguments or presenting facts that were previously available.  <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff has not presented new facts which he could not have presented originally and his motion seeks to have the Court revisit issues already addressed.  Having concluded that Judge Murguia fairly recited the material facts and properly applied the relevant law, the Court overrules plaintiff's motion to reconsider.

## II.    Order Dated June 13, 2013

No taint of partiality attaches to Judge Murguia's order of June 13, 2013, which ruled on plaintiff's motion to strike.  Doc. #65.  This order preceded the disqualifying event by two weeks. Therefore, it need not be revisited.  In determining whether to vacate all prior actions of a judge who disqualifies, the Court is to exercise its discretion to ensure that decisions are untainted by an appearance of partiality but not impose unnecessary delay and additional expense.  <u>Rohrbach v. AT&T Nassau Metals Corp.</u>, 915 F. Supp. 712, 718 (M.D. Penn. 1996).  Insofar as plaintiff seeks reconsideration of this order, his request comes too late.  Motions to reconsider non-dispositive motions must be filed within 14 days after the order is filed.  D. Kan. R. 7.3(b).  Judge Murguia's order was filed on June 13, 2013.  Plaintiff filed his motion to reconsider on September 10, 2013.  It is not timely filed and the Court overrules it.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion To Request The Judge's Rulings Be Vacated Or Set Aside</u> (Doc. #84) filed September 10, 2013 be and hereby is **SUSTAINED** with respect to the <u>Memorandum And Order</u> (Doc. #71) dated June 28, 2013.

**IT IS FURTHER ORDERED** that plaintiff's <u>Motion To Request The Judge's Rulings Be Vacated Or Set Aside</u> (Doc. #84) filed September 10, 2013 be and hereby is **OVERRULED** with respect to the <u>Memorandum And Order</u> (Doc. #65) dated June 13, 2013.

**IT IS FURTHER ORDERED** that the <u>Memorandum And Order</u> (Doc. #71) dated June 28, 2013 be and hereby is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's ADEA claims are **DISMISSED** for lack of subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies before filing suit. Accordingly, that portion of <u>Defendant's Motion For Summary Judgment</u> (Doc. #45) filed March 15, 2013, which is directed to plaintiff's ADEA claims is **OVERRULED AS MOOT.**

**IT IS FURTHER ORDERED** that the rest of <u>Defendant's Motion For Summary Judgment</u> (Doc. #45) filed March 15, 2013 is **SUSTAINED.** The Court enters summary judgment in defendant's favor and against plaintiff on plaintiff's Title VII race-based disparate treatment claim and retaliation claim. Plaintiff's Title VII claims for (1) gender-based disparate treatment and (2) race and/or gender harassment remain for trial.

Dated this 29th day of January, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
